Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 7596 | Date | April 25, 2001 |
| Case Title | Marshall H. Sayad v Dura Pharmaceuticals, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ ☐ Ruling / Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☑ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiff's motino to strike is granted in part and denied in part.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | number of notices |
| ☐ | No notices required. | | APR 2 6 2001 | date docketed |
| ☑ | Notices mailed by judge's staff. | | | |
| ☐ | Notified counsel by telephone. | | 01 APR 25 PM 3:36 | docketing dpty. initials |
| ☐ | Docketing to mail notices. | | | |
| ☐ | Mail AO 450 form. | | | date mailed notice |
| ☐ | Copy to judge/magistrate Judge. | | | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 30

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**APR 2 6 2001**

| | |
|---|---|
| MARSHALL H. SAYAD, ) | |
| ) | |
| Plaintiff, ) | No. 00 C 7596 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| DURA PHARMACEUTICALS, INC., a foreign ) | |
| corporation, ELAN CORPORATION, a foreign ) | |
| corporation, ELAN PHARMACEUTICALS, ) | |
| INC., a foreign corporation, ELAN ) | |
| PHARMACEUTICAL OPERATIONS, a foreign ) | |
| corporation, ELAN PHARMACEUTICAL ) | |
| TECHNOLOGIES, a foreign corporation, ) | |
| CRAIG BLENDERMAN, MICHAEL ) | |
| O'DONNELL, AND CAROL A. WELLS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marshall H. Sayad has filed a five-count complaint against Elan Pharmaceuticals, Inc.[1] ("Elan"), Dura Pharmaceuticals, Inc. ("Dura"), Craig Blenderman ("Blenderman"), Michael O'Donnell ("O'Donnell"), and Carol A. Wells ("Wells") (collectively "defendants") alleging that defendants terminated him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* (Count I), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* (Counts II-IV), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* (Count V). Now before the court is plaintiff's motion to

---

[1] In addition to Elan Pharmaceuticals, Inc., plaintiff names Elan Corporation, Elan Pharmaceutical Operations, and Elan Pharmaceutical Technologies as defendants to the instant suit. Because only Elan Pharmaceuticals, Inc. has filed an answer to plaintiff's complaint, however, and for the sake of simplicity, the court will refer to all four of these alleged corporations as simply Elan Pharmaceuticals, Inc.

30

strike defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f). For the reasons explained below, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is a forty-six year-old man who worked as Dura's[2] Senior District Sales Manager in Chicago from July 10, 1998, until he was terminated on May 26, 2000. Plaintiff contends that he was terminated in violation of the ADEA, the ADA, and the FMLA.

In their answers to plaintiff's complaint, defendants each set forth numerous affirmative defenses. Plaintiff now moves to strike affirmative defenses 1, 2, 5, 6, and 7 filed by Dura, affirmative defenses 1, 2, 5, 6, and 7 filed by Blenderman, O'Donnell, and Wells, and affirmative defenses 2, 3, 6, 7, and 8 filed by Elan.[3]

## STANDARD FOR MOTION TO STRIKE AFFIRMATIVE DEFENSES

Motions to strike affirmative defenses are generally disfavored in this circuit because they are often employed for the sole purpose of causing delay. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." Id. at 1293.

---

[2] The complaint does not make this fact clear. Instead, the complaint groups all of the Elan corporations together as Elan, states that "on or about November 10, 2000, [Elan] completed the purchase of [d]efendant [Dura]," and then says that Elan and Dura "are hereinafter collectively referred to as [Dura]." Later, the complaint states that plaintiff was employed by Dura. The court assumes herein that plaintiff worked for Dura, however, because in plaintiff's June and September 2000, Equal Employment Opportunity Commission ("EEOC") complaints, plaintiff named Dura as his employer. Plaintiff is encouraged to file an amended complaint that clears up this confusion.

[3] Because defendants have amended their answers to omit Dura's affirmative defense 7, Elan's affirmative defense 8, and affirmative defense 7 of Blenderman, O'Donnell, and Wells, plaintiff's motion is moot with regard to those defenses.

2

Indeed, unless a defense is "patently defective and could not succeed under any circumstances," it should remain. Mobley v. Kelly Kean Nissan, Inc., 864 F. Supp. 726, 732 (N.D.Ill. 1993).

That being said, it is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case. See Household Fin. Serv., Inc. v. Northeastern Mortgage Inv. Corp., 2000 U.S. Dist. LEXIS 8975, at *3, 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000) (citing Heller, 883 F.2d at 1295). It is also true that because affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a "short and plain statement" of all the material elements of the defense asserted; bare legal conclusions are not sufficient. See Heller, 883 F.2d at 1294; Fed. R. Civ. Proc. 8(a); Renalds v. S.R.G. Restaurant Group, 119 F. Supp. 2d 800, 802 (N.D.Ill. 2000).

All of this boils down to a three-part test that is applied to affirmative defenses subject to a motion strike:

> (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge -- in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

Id.; Heller, 883 F.2d at 1294.

### DISCUSSION

Many of the affirmative defenses asserted by the various defendants in the instant case are identical. Thus, the court will group identical affirmative defenses together and address plaintiff's motion to strike each in turn.

## I. Defenses to possible claims of harassment

### A. Possible harassment claims are barred

The court begins with defenses 1 and 2 for Dura, which are identical to defenses 1 and 2 for Blenderman, O'Donnell, and Wells, and also identical to defenses 2 and 3 for Elan. The first reads: "Plaintiff's claims are barred to the extent that they have failed to comply with the procedural requirements to filing suit and/or because all conditions precedent to the filing of this action have not been met." The second reads: "Plaintiff's claims are barred to the extent they allege any unlawful action that occurred outside the statutory time period for filing their charges of discrimination."

According to defendants, "it is unclear from [p]laintiff's [c]omplaint if he [is] alleging discriminatory acts by [d]efendants beyond just his termination." For example, defendants note, "[p]laintiff complains that [he] was 'harassed' and he was 'required to stand and lead the group for approximately 10 minutes in alleged spirit activity to re-energize the group.'" Defendants argue that if plaintiff intends to allege harassment, plaintiff must exhaust his administrative remedies prior to filing suit, and his claims are time-barred if he files suit more than 300 days after the alleged discriminatory act.

While defendants' arguments about any potential harassment claim filed by plaintiff are well taken, the court finds these defenses irrelevant in the context of the instant case. The fact of the matter is that plaintiff has not alleged harassment of any kind; instead, plaintiff's claims all relate to his termination. Thus, because the above defenses are inapplicable to the instant case, plaintiff's motion to strike them is granted.

4

### B. Defendants exercised reasonable care and plaintiff failed to mitigate

Similarly, plaintiff moves to strike Elan's affirmative defense 7 and Dura's affirmative defense 6, which read: "To the extent [p]laintiff is alleging harassment based on age or disability, [d]efendant exercised reasonable care to prevent and correct promptly any harassing behavior, and [p]laintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by [d]efendant or to avoid harm otherwise." While this defense would apply to the instant case had plaintiff filed a hostile work environment claim, plaintiff has not done so. The court therefore grants plaintiff's motion to strike Elan's affirmative defense 7 and Dura's affirmative defense 6 as they are inapplicable to the instant case.

### C. Failure to state a claim of harassment

For the same reasons, the court strikes Dura's defense 5 and Elan's defense 6, which states: "To the extent [p]laintiff is alleging harassment based on age or disability, [p]laintiff fails to state a claim."

## II. Defense of Failure to State a Claim in Counts I, II, III and IV

The next affirmative defense that plaintiff moves to strike is defense 5 asserted by Blenderman, O'Donnell, and Wells, which reads, "Counts I, II, III and IV fail to state a claim upon which relief could be granted because [d]efendant cannot be sued in his/her individual capacity under the statutes." Plaintiff argues that this "is not an affirmative defense," and that it is redundant because "[d]efendants have already raised this issue in their answer and denial." Plaintiff cites Instituto Nacional de Comercializaction Agricola (Indeca) v. Continental Illinois Nat'l Bank & Trust Co., 576 F. Supp. 985 (N.D. Ill. 1983), to support this argument.

In Instituto Nacional, Judge Shadur held that an allegation of failure to state a claim is not

5

an affirmative defense because, "a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense." Id. at 991 (citing 2A MOORE'S FEDERAL PRACTICE P. 8.27[4], at 8-260). The court agrees with Judge Shadur that an allegation of failure to state a claim is not technically an affirmative defense. The court is also mindful, however, of the fact that Form 20 of the Appendix of Forms in the Federal Rules of Civil Procedure clearly contemplates the use of Rule 12(b)(6) defenses in an answer.[4] See also Fed. R. Civ. P. 84 (stating that the forms contained in the Appendix of Forms are "sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rule[s] contemplate"). To solve this problem, the court strikes the word "affirmative" from defendants' failure to state a claim defense, leaving both Judge Shadur's wisdom and the import of Rule 84 and Form 20 intact.[5] See Swanson v. American Express, Inc., 1989 WL 36227, at *1, 1989 U.S. Dist. LEXIS 3859, at *1-2 (N.D. Ill. Apr. 10, 1989) (Shadur, J.) (striking the word "affirmative" but acknowledging that failure to state a claim is indeed a defense); Brooks v. Chicago, 1991 U.S. Dist. LEXIS 16357, at *26 (N.D. Ill. Nov. 7, 1991) (recommending district court reach similar decision), 1991 U.S. Dist. LEXIS 19849 (adopting report and recommendation); Crawford v. Equifax Payment Servs., 1998 WL 704050, at *11, 1998 U.S. Dist. LEXIS 15719, at *30 (N.D. Ill. Sept. 30, 1998) (same).

---

[4] Form 20 gives the following example of an appropriate defense to include in an answer to a complaint: "The complaint fails to state a claim against defendant upon which relief can be granted." The note following Form 20 states that this defense "challenges the legal sufficiency of the complaint" and is thus "a substitute for a general demurrer or a motion to dismiss."

[5] Indeed, Form 20 does not use the term "affirmative" when it sets forth the "defense" of failure to state a claim.

Thus, while plaintiff is correct that an allegation of failure to state a claim is not technically an affirmative defense, it is still a defense. In fact, it is strong defense because Blenderman, O'Donnell, and Wells likely cannot be sued under the ADA or the ADEA. See United States EEOC v. AIC Sec. Investigations, 55 F.3d 1276, 1279-80, 1282 (7th Cir. Ill. 1995) (recognizing that "courts routinely apply arguments regarding individual liability [under the ADA, the ADEA, and Title VII] interchangeably" and holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA"). Further, the court finds no reason to strike this defense merely because defendants raised the issue in their answer and denial. See Sanwa Business Credit Corp. v. Harris, 1991 U.S. Dist. LEXIS 10960, at *3, 1991 WL 156116, at *1 (N.D. Ill. Aug. 6, 1991) (noting that "it is often difficult to determine whether a particular matter would be raised by a general denial or whether that matter ought to be pled affirmatively," and thus, "if there is any question, the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense"); Franklin Capital Corp. v. Baker and Taylor Entertainment, Inc., 2000 WL 1222043, at * 1, 2000 U.S. Dist. LEXIS 12452, at *4, (N.D. Ill. Aug. 22, 2000) (same). The bottom line is that once the word "affirmative" is stricken, the defense is appropriately and adequately pleaded, and it withstands a Rule 12(b)(6) challenge. Thus, plaintiff's motion to strike defense 5 of Blenderman, O'Donnell, and Wells is denied.

### III. Defense that plaintiff is not an eligible employee under the FMLA

Finally, plaintiff moves to strike defense 6 asserted by Blenderman, O'Donnell, and Wells, which states: "Plaintiff does not meet the definition of an eligible employee under the FMLA." According to plaintiff, this does not constitute an affirmative defense, and defendants

In response, defendants argue that it is a defense because if they can prove that plaintiff is not an eligible employee under the §2611(2)(B) of the FMLA, plaintiff's claim against them is barred. The court agrees, finding defendants' assertion that plaintiff is not an eligible employee under the FMLA properly pleaded because it may indeed constitute a defense, though again not technically an "affirmative" one. See Fed. R. Civ. P. 8(c) (listing affirmative defenses and allowing for the pleading of "any other matter constituting an avoidance or affirmative defense"); Instituto Nacional, 576 F. Supp. at 991. Thus, the court strikes the word "affirmative" from this defense but finds it to be otherwise appropriately pleaded and sufficient to withstand a Rule 12(b)(6) challenge. As for plaintiff's assertion that "[d]efendants have not pled any facts as to alert [p]laintiff as to the nature of the defense," the court disagrees. Based on defendants' denials (which plaintiff cites for the court), the nature of the defense is obvious in the instant case. Thus, affirmative defense 6 of Blenderman, O'Donnell, and Wells is adequately pleaded and plaintiff's motion to strike that defense is denied.

## CONCLUSION

Plaintiff's motion to strike is granted with respect to Dura's affirmative defenses 1, 2, 5 and 6, Elan's affirmative defenses 2, 3, 6 and 7, and affirmative defenses 2 and 3 of Blenderman, O'Donnell, and Wells. Plaintiff's motion is denied with respect to defenses 5 and 6 asserted by Blenderman, O'Donnell, and Wells.

**ENTER:** April 25, 2001

Robert W. Gettleman
United States District Judge

8